UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

EDDY GARCIA,

    Plaintiff,

v.

MRC CRUISES S.A.,

    Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff EDDY GARCIA, and sues Defendant M.S.C. CRUISES S.A., a Swiss corporation, doing business as M.S.C. CRUISE LINES, and alleges:

### JURISDICTION, VENUE AND PARTIES

1. Ther is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, **EDDY GARCIA** (HEREINAFTER "**GARCIA**" or "**MR. GARCIA**"), is sui juris and is a resident and citizen of Illinois.

3. Defendant, M.S.C. CRUISES, S.A. (hereinafter "**MSC**") is a Swiss corporation with its principal place of business in South Florida. At all material times Defendant M.S.C. CRUISES, S.A. has done business under the fictitious name "M.S.C. CRUISE LINE."

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship. The Plaintiff is a citizen and resident of

the State of Illinois, while the Defendant is deemed a citizen of Florida and Switzerland for federal jurisdictional purposes, so there is complete diversity of citizenship between the parties. The amount in controversy exceeds $75,000.00, the minimum jurisdictional amount for diversity cases. The damages alleged in Paragraphs 16 and 20, including lacerations to his right wrist, which developed a painful infection that required inpatient care, advanced scapholunate collapse of the right wrist, lacerations to his head on the left side, a deep laceration through eyebrow, fractured ribs (left No. 5, 6, 7 and right No. 9 and 10), a traumatic brain injury, memory loss, extensive contusions to his rear midsection bilaterally, and a hematoma in his right upper extremity, support an award of damages in excess of $75,000.00. The Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So.3d 561, 562 (Fla. 3d DCA 2008).

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in the federal judicial district. Accordingly, venue is proper in the Court as dictated per Defendant's unilateral contract of adhesion.

8. Venue is also proper in the district because the Defendant's principal places of business are located within the district.

9. Plaintiff has complied with all conditions precedent to bringing the action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave the Defendant timely written notice of his intent to pursue a claim as required by the ticket contract.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for the purpose operated, among other vessels, the M/V **MSC** *Meraviglia*.

11. At all material times, the Defendant designed, operated, managed, maintained and was in exclusive control of the M/V *MSC Meraviglia*.

12. Falls, upon information and belief and at all relevant times, are the leading cause of injuries in the U.S. and aboard defendant's vessels and slip and fall accidents specifically are a leading cause, if not the leading cause, of fall injuries overall. The defendant, at all relevant times, knew or should have known of these statistics.

13. At all material times, including the injury date of January 29th, 2023, the Plaintiff **Mr. GARCIA** was a fare paying passenger aboard the M/V *MSC Meraviglia* and in that capacity was lawfully present aboard the vessel.

14. On or about January 29th, 2023, while aboard the M/V *MSC Meraviglia* as a fare paying passenger, **Mr. GARCIA** was descending the *Swarovski* crystal staircase from Deck 6 to Deck 5 midship.

15. As **Mr. GARCIA** descended from the Deck 6 *Swarovski* staircase (hereinafter "*Swarovski* staircase"), located next to the *Edge Cocktail Bar,* he slipped and fell on an the unreasonably glazed, slippery, and/or hazardous flooring surface on the *Swarovski* staircase from Deck Six (6), to Deck 5, also next to a cocktail lounge named the *Infinity Bar,* and thus, was unreasonably dangerous. A picture of the subject staircase is depicted below:



16. As a result, **Mr. GARCIA** fell down the staircase and thereby sustained

---

[1] Retrieved from [Defendant's website](#) on January 24th, 2024 on the page titled "SWAROVSKI AND MSC CRUISES" https://www.msccruises.com/int/partnerships/msc-cruises-and-swarovski .

serious traumatic injuries including lacerations to his right wrist, which developed a painful infection that required inpatient care, advanced scapholunate collapse of the right wrist, lacerations to his head on the left side, a deep laceration through eyebrow, fractured ribs (left No. 5, 6, 7 and right No. 9 and 10), a traumatic brain injury, memory loss, extensive contusions to his rear midsection bilaterally, and a hematoma in his right upper extremity.

17. At all material times, at the time and place referred to in the preceding paragraph, the location of the staircase where **Mr. GARCIA** fell was an area of the ship that was a high traffic point of circulation area due to the muster drill so that the Defendant knew or should have known of the tendency of accidents in the area exposing **Mr. GARCIA** and all other passengers to the unreasonably slick, slippery glass/crystal staircases and/or hazardous nature of the floor surface that lacked sufficient slip resistant properties, but nonetheless failed to undertake reasonable safety measures for passenger safety.

18. The slippery step in the area where the plaintiff fell was static or had existed for a sufficient period of time before the Plaintiff's fall that the Defendant had actual or constructive knowledge of its presence and an opportunity to correct or warn of it.

19. As an alternative to the allegations in the preceding paragraph, the Defendant at all material times had actual or constructive knowledge of the unreasonably slippery flooring surface in the area where the Plaintiff fell due to the regularly and frequently recurring nature of the hazard including through the occurrence of prior substantially similar incidents.

20. As a direct and proximate result of the fall described above, **Mr. GARCIA** was injured in and about his body and extremities, suffered pain there from, sustained mental anguish, disfigurement, disability, and the inability to lead a normal life. Furthermore, he sustained loss of earnings and a loss of earning capacity in the past and future, and incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries in addition to loss of the value of his cruise vacation. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## **COUNT I - NEGLIGENT FAILURE TO MAINTAIN**

21. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 20 above and further alleges the following matters.

22. At all material times the Defendant owed the Plaintiff, as a fare paying passenger on board its passenger vessel the M/V **MSC** *Meraviglia*, a duty of reasonable care for his safety, including a duty to take reasonable care in maintaining its vessel so as to ameliorate, correct or avoid conditions creating a risk of harm for passengers.

23. At all material times, the M/V **MSC** *Meraviglia* contained a condition creating a risk of harm to passengers to-wit: the slippery step(s) of the stairs in the *Meraviglia's* interior Swarovski staircase from Deck 6 by the *Edge Cocktail Bar* to Deck 5 by the *Infinity Launch and Bar* described and depicted in Paragraph 15 above. The unreasonably slippery deck surface created a risk to individuals descending the steps, specifically the risk that they would lose their footing and fall as the Plaintiff did.

24. At all material times, the Defendant knew or should in the exercise of reasonable care have known the unreasonably slippery step described in the preceding paragraph and Paragraph 15, due to the length of time the condition had existed, prior similar incidents, the recurring or static nature of the condition, the interior staircase's location proximate to the *Edge Cocktail Bar on* Deck 6 and the *Infinity Launch and Bar* on Deck 5 including the tendency of bar patrons to spill drinks, pedestrian traffic, or failure to comply with manufacturer's maintenance recommendations to preserve the slip resistance properties of the deck/step surface, or other sources of knowledge, and therefore had actual or constructive notice of it.

25. Notwithstanding its actual or constructive notice of the risk creating condition on the slippery step, as described in the preceding two paragraphs, the Defendant failed at all material times to take adequate measures to inspect steps for risk creating conditions and to correct them once detected, and thus failed to exercise reasonable care in maintaining its vessel. The Defendant was thereby negligent.

26. As a direct and proximate result of the Defendant's negligent maintenance of its vessel as described above, the Plaintiff fell as described in Paragraph 15 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraphs 16 and 20 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages, pre-judgment interest and the costs of this action.

## COUNT II – GENERAL NEGLIGENCE

27. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 20 above and further alleges the following matters.

28. At all material times the Defendant owed the Plaintiff, as a fare paying passenger on board its passenger vessel the M/V **MSC** *Meraviglia*, a duty of reasonable care for his safety, including a duty to take reasonable care operating the vessel so as to ameliorate, correct or avoid conditions creating a risk of harm for passengers.

29. At all material times, the M/V **MSC** *Meraviglia* contained a condition creating a risk of harm to passengers, to-wit: the slippery step(s) of the stairs in the *Meraviglia's*, and/or hazardous flooring surface on the steps on the staircase of the *Deck Fifth*, aft as described and depicted in Paragraph 15 above This slippery step created a risk to individuals descending the steps, specifically the risk that they would lose their footing and fall as the Plaintiff did.

30. At all material times, the Defendant knew or should in the exercise of reasonable care have known the unreasonably slippery deck surface described in the preceding paragraph and Paragraph 15, due to the length of time the condition had existed, prior similar incidents, the recurring or static nature of the condition, or other sources of knowledge, and therefore had actual or constructive notice of it.

31. Notwithstanding its actual or constructive notice of the risk creating condition on the unreasonably slippery deck surface, as described in the preceding two paragraphs, the Defendant failed at all material times to take adequate measures to ensure the staircases had adequate slip resistance and to monitor the condition of the

steps to avoid risk-creating conditions and to correct them once detected, and thus failed to exercise reasonable care in operating its vessel. The Defendant was thereby negligent.

32. As a direct and proximate result of the Defendant's negligent maintenance of its vessel as described above, the Plaintiff fell as described in Paragraph 15 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraphs 16 and 20 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages, pre-judgment interest and the costs of this action.

### COUNT III - NEGLIGENT FAILURE TO WARN

33. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 20 above and further alleges the following matters.

34. At all material times the Defendant owed the Plaintiff, as a fare paying passenger on board its passenger vessel the M/V **MSC** *Meraviglia*, a duty of reasonable care for his safety, including a duty to take reasonable care in warning passengers, including **Mr. GARCIA**, adequately of onboard conditions creating a risk of harm to them.

35. At all material times, the M/V **MSC** *Meraviglia* contained a condition creating a risk of harm to passengers, to-wit: the slippery step(s) of the stairs in the *Meraviglia's* Interior staircase located proximate to the *Edge Cocktail Bar on* Deck 6 and the *Infinity Launch and Bar* on Deck 5, including the tendency of bar patrons to spill drinks as described above. The unreasonably slippery step/decking surface created a risk to

individuals using the designated pedestrian walkway via the Swarovski crystal staircase, specifically the risk that they would lose their footing and fall as the Plaintiff did.

36.     At all material times, the Defendant knew or should in the exercise of reasonable care have known about the unreasonably slippery step described in the preceding paragraph and Paragraph 15, due to the length of time the condition had existed, prior similar incidents, the recurring or static nature of the condition, or other sources of knowledge, and therefore had actual or constructive notice of it.

37.     Notwithstanding its actual or constructive notice of the risk creating condition on the unreasonably slippery deck surface, as described in the preceding two paragraphs, the Defendant failed at all material times to take adequate measures to warn passengers, including the Plaintiff, of the unreasonably slippery step, and/or hazardous condition described in Paragraph 15 above, including failures to provide adequate warning signage, caution cones, caution tape, stanchions, others, or oral or written warnings or notices of the condition. The Defendant was thereby negligent.

38.     As a direct and proximate result of the Defendant's negligent failure to warn described above, the Plaintiff lost his footing and fell as described in Paragraph 15 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraphs 16 and 20 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages, pre-judgment interest and the costs of this action.

Case 1:24-cv-20289-DPG   Document 1   Entered on FLSD Docket 01/24/2024   Page 11 of 13

Case No.:

## COUNT IV – NEGLIGENT DESIGN

39. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 20 above and further alleges the following matters.

40. At all times material hereto, Defendant owed the Plaintiff, as a fare paying passenger on board its passenger vessel the M/V **MSC** *Meraviglia*, a duty of reasonable care for his safety, including a duty to take reasonable care in designing staircases and the flooring thereon so as to alert pedestrians to the steps presence as described in Paragraph 15 above.

41. At all material times the M/V **MSC** *Meraviglia* contained a condition creating a risk of harm to passengers to-wit: the slippery step(s) of the stairs in the *Meraviglia's* Interior Swarovski staircase located proximate to the *Edge Cocktail Bar on* Deck 6 and the *Infinity Launch and Bar* on Deck 5, including the tendency of bar patrons to spill drinks as described in Paragraph 15 above. These slippery steps and crystal staircase as a whole created a risk to individuals descending the steps, specifically the risk that they would lose their footing and fall as the Plaintiff did.

42. At all material times, **MSC** actively participated in the design of the subject vessel and the dry dock modifications and refurbishments that have been conducted periodically since then.

43. **MSC** had a contractual right to be involved in the design and construction of the vessel with the shipyard and the subsequent dry dock modifications and refurbishments thereafter.

44. **MSC** had an employee or agent present at the shipyard throughout the

11
Delgado Trial Attorneys
www.CruiseLawyerMiami.com

construction and during the subsequent dry dock modifications and refurbishments of the vessel to approve, inspect, modify, and supervise the design and construction of the vessel at all material times.

45. At all material times the steps on the Defendant's vessels interior staircases fleet-wide or class-wide exposed pedestrians to the dangers described in Paragraph 15 above, due to the Defendant's participation in the design of the steps and flooring thereon.

46. At all material times, the Defendant knew or should in the exercise of reasonable care have known the propensity of the step to become slippery as described in the preceding paragraph and Paragraph 15, due to the recurring or static nature of slippery conditions, Swarovski Crystal flooring, no nosing or anti-skid strips, applicable industry standards, or other sources of knowledge, and therefore had actual or constructive notice of this propensity.

47. Notwithstanding its actual or constructive notice of the propensity of its onboard steps to be slippery as described in Paragraph 15 above, the Defendant failed at all material times to modify the design of its onboard Swarovski staircases and their crystal steps, flooring, or both so as to correct or ameliorate this risk creating condition and was thereby negligent.

48. As a direct and proximate result of the Defendant's negligent design of the Swarovski staircase of the interior portion of the *Edge Cocktail Bar on* Deck 6 and the *Infinity Launch and Bar* on Deck 5, the M/V **MSC** *Meraviglia*, the flooring thereon, or both, the slippery steps described in Paragraph 15 was an unreasonably dangerous

condition that developed and continued to exist at the time of the Plaintiff's fall described in Paragraph 15.

49. As a further direct and proximate result of the Defendant's negligent design of the Swarovski staircase of the interior portion of the *Edge Cocktail Bar on* Deck 6 and the *Infinity Launch and Bar* on Deck 5 of the M/V **MSC** *Meraviglia*, the flooring thereon, or both, the Plaintiff lost his footing on the slippery crystal step and fell as described in Paragraph 15 above, and thereby has sustained and will continue in the future to sustain the damages described in paragraphs 16 and 20 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages, pre-judgment interest and the costs of this action.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

**Dated:** **January 24, 2024**
**Miami, Florida**

**Respectfully submitted,**

BY: _____
Raul G. Delgado II, Esq.
Florida Bar No. 094004
Raul@DelgadoTrial.Law
Juliana@DelgadoTrial.Law
Filing@DelgadoTrial.Law
Delgado Trial Attorneys
*Attorneys for Plaintiff*
10661 N. Kendall Drive, Suite 218
Miami, FL 33176
Ph:          (305) 596-7911
Toll Free:   1(877) 372-0817